MATTER OF MARIANI

In Deportation Proceedings

A-13932037

Decided by Board June 8, 1965

Since the grant of voluntary departure is a matter of discretion and administrative grace, respondent's refusal at the deportation hearing to answer questions directed to him bearing on his application for voluntary departure is a factor which the special inquiry officer may consider in the exercise of such discretion.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Nonimmigrant—No appropriate nonimmigrant documentation.

The respondent, a native and citizen of Italy, appeals from an order entered by the special inquiry officer on March 8, 1965 directing his deportation on the charge stated in the order to show cause. An application for voluntary departure in lieu of deportation was denied. Exceptions have been taken to the denial of the respondent's application for voluntary departure.

The respondent concedes that he is an alien who entered the United States at an unknown port along the Canadian border on or about May 1, 1964 and that he intended to visit in the United States at the time of his last entry (pp. 2 and 3). The respondent refused to admit allegation No. 5 of the order to show cause, to wit, "You were not in possession of a valid nonimmigrant visitor visa." An affidavit executed by the respondent on March 17, 1965 and entered in evidence as exhibit 2 reads in part as follows: "I did not have any paper or document which would permit me to enter the United States. I just had my Italian Passport (when) I entered the United States ... at night on April 30, or May 1, 1964 as a passenger on a train from Montreal, Canada." We conclude on the basis of the respondent's admission that he is deportable as charged in the order to show cause.

The respondent applied for the privilege of volutary departure in

lieu of deportation. The special inquiry officer assumes that the respondent is statutorily eligible for that privilege. Voluntary departure is denied because of the respondent's unwillingness to answer questions at the hearing. The special inquiry officer cites the case of *Kim* v. *Rosenberg*, 363 U.S. 405, 4 L.ed. 2d 1299, June 13, 1960, as authority for refusing as a matter of discretion to grant the application for voluntary departure.

Counsel on appeal maintains that the rule set forth in the Supreme Court's decision in the case of *Kim* v. *Rosenberg* (*supra*) is not applicable to the instant case and that it was error on the part of the special inquiry officer to rely upon it as a ground for denying discretionary relief. Counsel maintains that Kim's refusal to answer questions concerning whether he was a member of the Communist Party had a direct bearing on his statutory eligibility for suspension of deportation whereas the respondent herein has met the burden of establishing his statutory eligibility for voluntary departure. Counsel urges that if the respondent had submitted to a detailed interrogation with regard to his entry without documents he risked making harmful admissions which could later be used against him in a criminal prosecution.

The issue before us may be compared with that before the Supreme Court in the case of *Orloff* v. *Willoughby*, 345 U.S. 83, 97 L.ed. 842. Orloff in habeas corpus proceedings sought his discharge from the Army or in the alternative the grant to him of a commission as a medical officer. After Orloff's induction, under a special law relating to doctors, he applied for a commission and when asked concerning membership in the Communist Party of the United States or other organizations on the list designated by the Attorney General as subversive, he claimed his privilege against self-incrimination. The commission was denied him but he was retained in the Army and assigned to medical work in a noncommission status. The Court held that the grant of a commission as a medical officer is discretionary with the President of the United States. The Court in its opinion said:

It is argued that Orloff is being punished for having claimed a privilege which the Constitution guarantees. No one, at least no one on this court which has repeatedly sustained assertion by Communists of the privilege against self-incrimination, questions or doubts all Orloff's right to withhold facts about himself on this ground. No one believes he can be punished for doing so. But the question is whether he can at the same time take the position that to tell the truth about himself would incriminate him and that even so the President must appoint him to a post of honor and trust. We have no hesitation in answering that question "no". (345 U.S. at p. 91, 97 L.ed. 848.)

The grant of voluntary departure is a matter of discretion and of administrative grace on the part of the sovereign. An applicant for administrative grace must upon the request of the Attorney General or one acting in his behalf, supply such information that is within his knowledge and has direct bearing on his application for discretionary relief. We do not question the respondent's claim that he was justified in his refusal to answer the questions directed to him by the special inquiry officer. His refusal to answer the questions propounded to him, however, is a factor which may be considered by the special inquiry officer in exercising the discretion granted by the statute. Under the circumstances we find no error on the part of the special inquiry officer in relying upon the case of *Kim* v. *Rosenberg* (*supra*) in denying the respondent's application for voluntary departure. The appeal will be dismissed.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.