# In re Patrick Norman THOMAS, Respondent

### File A72 477 545 - Fishkill

*Decided April 28, 1995*

### U.S. Department of Justice
### Executive Office for Immigration Review
### Board of Immigration Appeals

(1) Inasmuch as a conviction does not attain a sufficient degree of finality for immigration pur-
poses until direct appellate review has been exhausted or waived, a non-final conviction
cannot support a charge of deportability, and likewise does not trigger a statutory bar to
relief, under a section of the Immigration and Nationality Act premised on the existence of a
conviction.

(2) In determining whether an application for relief is merited as a matter of discretion, evi-
dence of unfavorable conduct, including criminal conduct which has not culminated in a
final conviction for purposes of the Act, may be considered.

(3) When considering evidence of criminality in conjunction with an application for discre-
tionary relief, the probative value of and corresponding weight, if any, assigned to that evi-
dence will vary according to the facts and circumstances of each case and the nature and
strength of the evidence presented.

FOR THE RESPONDENT: Reverend Robert Vitaglione, Accredited Representative, New
York City

BEFORE:Board En Banc:  SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA and
HEILMAN, Board Members; HOLMES, Alternate Board Member

HEILMAN, Board Member:

In a decision dated October 3, 1994, an Immigration Judge found the
respondent deportable under section 241(a)(1)(A) of the Immigration and
Nationality Act, 8 U.S.C. § 1251(a)(1)(A) (Supp. V 1993), as an alien who
was excludable at entry both as a nonimmigrant not in possession of a valid
nonimmigrant visa under section 212(a)(7)(B)(i)(II) of the Act, 8 U.S.C.
§ 1182(a)(7)(B)(i)(II) (Supp. V 1993), and as an alien who sought to enter the
United States by fraud or willfully misrepresenting a material fact pursuant to
section 212(a)(6)(C)(i) of the Act. The Immigration Judge also denied the
respondent's application for voluntary departure under section 244(e) of the
Act, 8 U.S.C. § 1254(e) (Supp. V 1993), and then ordered him deported to his
native Jamaica. The respondent has appealed only that portion of the decision

denying voluntary departure. The appeal will be dismissed. The request for oral argument is denied. 8 C.F.R. § 3.1(e) (1995).

## I. BACKGROUND

By way of background, we note that the respondent is a native and citizen of Jamaica who entered the United States fraudulently in 1989, posing as a nonimmigrant visitor. The record reflects that on November 20, 1992, he was convicted following a trial by jury in the Supreme Court of the State of New York, County of Kings, of murder in the second degree, attempted murder in the second degree, assault in the second degree, kidnapping in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the fourth degree. On December 11, 1992, the respondent was convicted in the same court, this time upon a plea of guilty, of criminal possession of a weapon in the third degree. On January 7, 1993, the court set aside the respondent's conviction for kidnapping in the second degree as a matter of law. The same day, the court imposed the following sentences for his other convictions: for second-degree murder, 20 years to life; for attempted murder in the second degree, 8 to 24 years; for second degree assault, 2 to 6 years; for criminal possession of a weapon in the second degree, 5 to 15 years; for criminal possession of a weapon in the third degree, 2 to 6 years; and, for criminal possession of a weapon in the fourth degree, 1 year. Some of the sentences were to run concurrently, others were to run consecutively. The respondent's convictions are presently on direct appeal.[1]

## II. THE IMMIGRATION JUDGE'S DECISION

During the course of the hearing and again in his decision, the Immigration Judge noted that the respondent's aforementioned convictions are currently on direct appeal. Accordingly, the Immigration Judge found that the respondent was not statutorily barred from establishing his eligibility for voluntary departure, for lack of a showing of good moral character, as he otherwise would be had these convictions been final. At the same time, however, the Immigration Judge concluded that the respondent's convictions, albeit non-final, and the conduct underlying those convictions could be considered in the exercise of discretion. After balancing the respondent's length of residence, family ties, and history of employment in this country against his immigration history, violation of criminal laws involving serious offenses,

---

[1] It is well settled that a conviction does not attain a sufficient degree of finality for immigration purposes until direct appellate review of the conviction has been exhausted or waived. Consequently, a non-final conviction cannot support a charge of deportability, and likewise does not trigger a statutory bar to relief, under a section of the Act premised on the existence of a "conviction." *See, e.g., Pino v. Landon,* 349 U.S. 901 (1955); *Matter of Ozkok,* 19 I&N Dec. 546, 552 n. 7 (BIA 1988), and cases cited therein; sections 101(f)(3), (7), (8) of the Act, 8 U.S.C. §§ 1101(f)(3), (7), (8) (1988 & Supp. V 1993).

and prison infractions, the Immigration Judge concluded that a discretionary grant of voluntary departure was not warranted in this case.

## III. THE RESPONDENT'S APPELLATE CONTENTIONS

On appeal, the respondent argues that the Immigration Judge erroneously considered his convictions, which are currently on direct appeal, in denying his application for voluntary departure in the exercise of discretion. Moreover, he asserts that since he is incarcerated only as a result of these non-final convictions, "any fact or circumstance, such as prison offenses, that develop while such conviction remains on appeal" likewise should not be considered in the exercise of discretion. At the outset, we observe that the respondent has failed to furnish any legal support for his contentions in this regard. In any event, we find his appellate arguments to be without merit.

## IV. VOLUNTARY DEPARTURE REQUIREMENTS

The grant of voluntary departure is a matter of discretion and administrative grace. An applicant for voluntary departure bears the burden of establishing both his statutory eligibility for such relief and that this privilege should be accorded to him in the exercise of discretion. *See Matter of Seda,* 17 I&N Dec. 550 (BIA 1980), *overruled in part on other grounds, Matter of Ozkok,* 19 I&N Dec. 546 (BIA 1988); *Matter of Tsang*, 14 I&N Dec. 294 (BIA 1973); *Matter of Mariani*, 11 I&N Dec. 210 (BIA 1965); 8 C.F.R. § 242.17(e) (1995).

### A. Statutory Eligibility

In order to demonstrate statutory eligibility for voluntary departure an alien must show that he is willing to leave the country, has the immediate means to depart, and has been a person of good moral character for a specified period of time preceding his application, *i.e.,* either 5 or 10 years depending on the ground of deportability involved. *See* section 244(e) of the Act; *Matter of Del Risco*, 20 I&N Dec. 109 (BIA 1989); *Matter of Lozada,* 19 I&N Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988); 8 C.F.R § 244.1 (1995).

### B. Exercise of Discretion

Voluntary departure also requires a showing that the requested relief is merited as a matter of administrative discretion. In determining whether a favorable exercise of discretion is warranted on a voluntary departure application, an alien's prior immigration history, the nature of his entry or entries, violations of immigration and other laws, and the like may be considered. *Matter of Gamboa*, 14 I&N Dec. 244 (BIA 1972); *Matter of M-*, 4 I&N Dec. 626 (BIA 1952). Discretion may be favorably exercised in the face of

adverse factors where there are countervailing equities such as long residence here, close family ties in the United States, or humanitarian needs. *Matter of Gamboa, supra*.

### 1. Evidence of Unfavorable Conduct, Including Criminal Conduct Which Has Not Culminated in a Final Conviction for Purposes of the Act

In examining the presence of adverse factors on an application for discretionary relief, this Board has found it appropriate to consider evidence of unfavorable conduct, including criminal conduct which has not culminated in a final conviction for purposes of the Act. For example, in *Matter of Seda, supra,* we held that notwithstanding the absence of a conviction by reason of a peculiarity of state law, an alien's plea of guilty to forgery was a significant adverse factor to consider in determining whether voluntary departure was warranted as a matter of discretion. In *Matter of Gonzalez*, 16 I&N Dec. 134 (BIA 1977), we found that an alien's conviction for a crime involving moral turpitude, to wit, impersonating an immigration officer and demanding and obtaining money in that capacity, could be considered in the exercise of discretion in cases arising outside the United States Court of Appeals for the Third Circuit, even though that conviction did not statutorily bar a finding of good moral character under section 101(f)(3) of the Act because a judicial recommendation against deportation had been obtained from a state court. *Contra Giambanco v. INS*, 531 F.2d 141 (3d Cir. 1976) (holding that where judicial recommendation has been issued, underlying crime of moral turpitude conviction cannot be considered for any reason); *but see Oviawe v. INS,* 853 F.2d 1428 (7th Cir. 1988) (holding that notwithstanding judicial recommendation against deportation, Board can consider alien's prior moral turpitude convictions as adverse discretionary factor in adjudicating alien's motion to reopen in order to apply for adjustment of status).

The courts have likewise addressed in a variety of contexts the question of whether unfavorable conduct by an alien, even in the absence of a final conviction, may be considered in the exercise of discretion. For instance, in *Parcham v. INS*, 769 F.2d 1001 (4th Cir. 1985), the Fourth Circuit found that in determining whether or not an alien's request for voluntary departure was merited as a matter of discretion, the Board was entitled to consider the felony arson charges pending against him at the time of his deportation hearing. The court went on to observe that although the alien had since been acquitted of the arson charges during the pendency of his circuit court appeal, this fact did not alter its decision. *Id.* at 1005, n. 2. In its view, "the Attorney General is entitled to consider the facts as they exist at the time he [or she] acts. In particular, he [or she] does not have to wait for the disposition of pending criminal charges." *Id.* The court also stated that "[e]vidence of an alien's conduct, without a conviction, may be considered in denying the discretionary relief of voluntary departure." *Id.* at 1005. *See also Villanueva-Franco v. INS,* 802

F.2d 327 (9th Cir. 1986) (finding that the Board could consider alien's extensive criminal record, which included an expunged felony conviction for assaulting a police officer, in weighing whether voluntary departure was merited as a matter of discretion).

In *Paredes-Urrestarazu v. INS,* 36 F.3d 801 (9th Cir. 1994), the Ninth Circuit held that the Board could consider an alien's narcotics arrest as a factor in discretion in adjudicating his request for a waiver under section 212(c) of the Act, even though the arrest never resulted in a conviction because the underlying charges were dismissed following his completion of a pre-trial diversion program. Similarly, in *White v. INS,* 17 F.3d 475 (1st Cir. 1994), the First Circuit held that certain charges, which were placed "on file" by a state court pursuant to a procedure particular to Massachusetts law and which therefore did not constitute "convictions," could be considered by the Board "as *some* evidence weighing against discretionary relief," particularly where the alien had pleaded guilty to one charge and was found guilty by a jury on another. *Id.* at 480.

Finally, the Seventh Circuit held in *Esposito v. INS,* 936 F.2d 911 (7th Cir. 1991), that in determining whether a favorable exercise of discretion was warranted on an alien's application for a waiver under section 212(i) of the Act, the Board could consider not only his foreign in absentia convictions for criminal association, forgery, and possession of firearms, but also the murder charges pending against him and the extradition proceedings spawned by those charges.

## 2. Probative Value and Corresponding Weight, If Any, Assigned to Evidence of Criminality

When an alien's conduct results in his having had contact with the criminal justice system or being placed in criminal proceedings, the nature of those contacts and the stage to which those proceedings have progressed should be taken into account and weighed accordingly. Hence, the probative value of and corresponding weight, if any, assigned to evidence of criminality will vary according to the facts and circumstances of each case and the nature and strength of the evidence presented. *See, e.g., Paredes-Urrestarazu v. INS, supra,* at 810 (finding that evidence of alien's arrest bears upon whether he might have engaged in underlying conduct and is probative of relevant discretionary factors); *White v. INS, supra,* at 480 (holding that charges placed "on file" under Massachusetts law could be considered as some evidence weighing against discretionary relief); *Esposito v. INS, supra,* at 914-15 (finding that alien's in absentia convictions may at the very least constitute probable cause to believe he is guilty of the crimes in question; similarly, pending murder charges are indicative of probable cause that he committed the murders and that "reasonable minds suspect that he is guilty of the crimes charged"); *Sierra-Reyes v. INS*, 585 F.2d 762, 764 n. 3 (5th Cir. 1978) (stating that police reports implicating respondent in criminal activity but which

never resulted in prosecution due to a lack of sufficient evidence were not probative); *Matter of Grijalva,* 19 I&N Dec. 713, 721-23 (BIA 1988) (holding that inasmuch as all relevant factors regarding an alien's arrest and conviction should be considered in cases involving discretionary relief, police reports concerning circumstances of arrest were appropriately admitted into evidence). In our view, a conviction resulting from an alien's own guilty plea clearly is entitled to substantial weight in the exercise of discretion. Likewise, a conviction entered following a trial by a jury is entitled to substantial weight.

## V. EXERCISE OF DISCRETION IN THE RESPONDENT'S CASE

### A. Unfavorable Conduct Evidenced by Serious, Non-final Convictions

The criminal proceedings in which the respondent finds himself have advanced well beyond the point of arrest or the filing of a preliminary police report implicating him in criminal activity. The record before us indicates that the respondent was indicted by a grand jury of several felonies, including murder in the second degree, attempted murder in the second degree, assault in the second degree, and criminal possession of a weapon in the second, third, and fourth degrees. He was convicted following a trial by a jury of all of these charges, except for criminal possession of a weapon in the third degree, to which he pleaded guilty in a separate proceeding. Furthermore, he has been incarcerated pursuant to these convictions for the past 2 years.

Although the respondent's convictions are not yet final, we find the fact that he has been so convicted, whether by jury trial or upon his own plea of guilty, to constitute significant evidence that he has committed the crimes of which he has already been found guilty. Accordingly, contrary to his appellate assertions, we conclude that the respondent's non-final convictions for murder in the second degree, attempted murder in the second degree, assault in the second degree, and criminal possession of a weapon in the second, third, and fourth degrees, and correspondingly the conduct underlying those convictions as noted in the indictment, constitute significant adverse factors to be weighed in determining whether he merits voluntary departure as a matter of discretion.

### B. Unfavorable Conduct Evidenced by Admissions

On appeal, the respondent also contends that since he is presently imprisoned only as a result of these non-final convictions, any offenses he may have committed while in prison should not be considered as adverse factors in discretion. We disagree. In his testimony at the hearing at which he was represented by his accredited representative, the respondent admitted to having

smoked marijuana on at least two occasions while in prison, for which he was both cited and disciplined by prison officials.  Clearly, the respondent's conduct in this regard is independent of that which resulted in his criminal convictions entered over 2 years ago in 1992 and for which he is now serving time.  Moreover, inasmuch as the respondent freely admitted to this criminal conduct in the context of a deportation hearing at which he was represented,[2] we find that his conduct in this regard is indeed a proper and relevant factor to consider in evaluating whether he merits voluntary departure as a matter of discretion.  Although he has not been convicted of any offense based on his admitted conduct, he has nevertheless been disciplined for it by prison authorities.

## VI.  CONCLUSION

We have taken into account the respondent's favorable equities in this country including his length of residence, family ties (lawful permanent resident wife, their 4-year-old United States citizen child, lawful permanent resident mother and half-brother), and employment history. We find, however, that these factors do not outweigh the adverse factors presented by the record, including the respondent's immigration history, probable guilt for murder in the second degree, attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second, third, and fourth degrees, and admitted use of drugs in prison, for which he was disciplined. Accordingly, we find that the respondent has failed to satisfy his burden of establishing that he merits voluntary departure as a matter of discretion. Therefore, his request for voluntary departure is denied in the exercise of discretion.

For these reasons, the respondent's appeal is dismissed.

**ORDER:**     The appeal is dismissed.

---

[2] The respondent has raised no objection as to the fairness of the hearing in which these admissions were made.