

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-5-2006

# Mendoza v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5493

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mendoza v. Atty Gen USA" (2006). *2006 Decisions.* Paper 348.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/348

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5493

MARGARITO MENDOZA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY;
DEPARTMENT OF HOMELAND SECURITY

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Walter A. Durling
(No. A35-881-814)

Submitted Under Third Circuit LAR 34.1(a)
September 28, 2006

Before: McKEE, and AMBRO, Circuit Judges
and RESTANI,[*] Chief Judge

(Opinion filed : October 5, 2006)

---

[*]Honorable Jane A. Restani, Chief Judge,  United States Court of International Trade,
sitting by designation.

## OPINION

AMBRO, Circuit Judge

Margarito Mendoza, a native and citizen of Trinidad and Tobago, has been living in the United States as a lawful permanent resident since 1977. In June 2000, the then Immigration and Naturalization Service ("INS")[1] began removal proceedings against Mendoza on the basis of his 1999 conviction for a firearms offense. Mendoza admitted removability and asked for discretionary cancellation of removal. At his merits hearing in October 2000, Mendoza alerted the Immigration Judge to a pending indictment for a controlled substance offense and asked that the hearing be continued. The Immigration Judge declined, stating that he would consider the indictment as a factor in his decision but that he would rather not continue the proceeding given that no one knew when or whether the controlled substance charge would be prosecuted. At the conclusion of the merits hearing, the Immigration Judge granted cancellation of removal.

In July 2001, Mendoza was convicted of the controlled substance offense, and the INS began removal proceedings under 8 U.S.C. § 1227(a)(2)(B)(i). Mendoza conceded removability but challenged the proceedings on *res judicata* grounds, arguing that the Immigration Judge had already considered and granted cancellation of removal in spite of

---

[1]The INS's functions are now carried out by the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security.

his indictment for the controlled substance offense in the October 2000 removal proceeding. The Immigration Judge determined that *res judicata* was inapplicable and ordered Mendoza's removal. He appealed to the Board of Immigration Appeals ("BIA"), and his appeal was denied on the merits. This petition for review follows.[2]

In appropriate circumstances we apply the doctrine of *res judicata* to administrative agencies acting in a judicial capacity. *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966). *Res judicata* includes both claim and issue preclusion. *Venuto v. Witco Corp.*, 117 F.3d 754, 758 n.5 (3d Cir. 1997). Because Mendoza does not specify which of the two he believes applies, we analyze both.

"[C]laim preclusion prohibits litigants from pursuing a matter that has not previously been litigated but which should have been addressed in an earlier suit." *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 158 n.5 (3d Cir. 2001). The question of whether claim preclusion operates to force the Government to join all extant grounds for removal in one proceeding is complicated and unsettled because of the quasi-criminal nature of removal actions. *See Johnson v. Ashcroft*, 378 F.3d 164, 172 n.10 (2d Cir. 2004). We need not address the question in this case, as the INS could not have joined its 8 U.S.C. § 1227(a)(2)(B)(i) claim for removal in the 2000 removal proceeding because Mendoza had not yet been convicted of a controlled substance offense. Under the statute,

---

[2]We have jurisdiction to review final orders of removal of the BIA under 8 U.S.C. § 1252. We review the Board's conclusions of law *de novo*. *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006).

an alien only becomes subject to removal once he is *convicted* of a controlled substance offense. 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been *convicted* of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . is deportable") (emphasis added). Because Mendoza's removability on the basis of his controlled substance conviction could not have been litigated in the 2000 removal proceeding, the BIA correctly held that claim preclusion does not prevent the Department of Homeland Security from litigating the issue now.

Issue preclusion "refers to the effect of a judgment in foreclosing further adjudication of a matter actually decided." *Gen. Elec.*, 270 F.3d at 158 n.5. Here, Mendoza claims that his removability on the basis of his controlled substance violation was determined in the 2000 removal proceeding. The Immigration Judge in that proceeding, however, explicitly stated that he was not deciding whether a future conviction for the controlled substance charge would render Mendoza removable, nor could he have done so given that removability only attaches upon conviction. Appellant's App. Vol. I 3 ("[I]f [Mendoza] is convicted [of the controlled substances offense] and the [INS] believes that it is a violation of immigration laws, [it has] every right to . . . arrest him and turn him back into the system and proceed at that point.") (Transcript of October 25, 2000 merits hearing) (statement of Judge Durling); *see also* 8 U.S.C. § 1227(a)(2)(B)(i). Mendoza's confusion seems to arise from the Immigration Judge's statement that he would consider the charges against Mendoza as a factor in determining

4

whether to cancel removal on the basis of the weapons conviction. This consideration, however, was entirely proper; immigration judges are authorized to consider allegations of criminal conduct when deciding whether to grant a discretionary remedy such as cancellation of removal. *In re Thomas*, 21 I&N Dec. 20, 23 (BIA 1995). This consideration, however, is different from the Government initiating a formal removal proceeding once such allegations result in a conviction, and has no preclusive effect on such a proceeding.

Given that neither claim nor issue preclusion prevents the Government from seeking to remove Mendoza on the basis of his July 2001 controlled substance conviction, the petition for review is denied.