**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



JUN 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YASAR SAEED,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-71399

Agency No. A038-082-206

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2016
San Francisco, California

Before: McKEOWN, SACK[**], and FRIEDLAND, Circuit Judges.

Yasar Saeed petitions for review of the Board of Immigration Appeals'

(BIA) opinion denying Saeed's application for cancellation of removal. Saeed

does not dispute that he is removable, but argues that the BIA failed to follow its

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert D. Sack, Senior Circuit Judge for the U.S.
Court of Appeals for the Second Circuit, sitting by designation.

own precedent by not engaging in an individualized analysis of Saeed's contacts with law enforcement and that it infringed Saeed's free speech rights by considering jail-cell stories about bomb threats and terrorist associates as an adverse discretionary consideration. We have jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1252(a),[1] and we grant Saeed's petition, vacate the decision, and remand for clarification.

The BIA's analysis of Saeed's numerous contacts with law enforcement was sufficient to comply with the BIA's and this court's precedents. *See Paredes-Urrestarazu v. INS*, 36 F.3d 801, 810 (9th Cir. 1994); *Matter of C-V-T-*, 22 I. & N. Dec. 7 (BIA 1998); *Matter of Thomas*, 21 I. & N. Dec. 20 (BIA 1995). The BIA need not conduct an individualized assessment of each contact on which it relies; it is sufficient that the BIA considered the nature of the contacts in the aggregate and determined whether they can be considered "adverse factors evidencing the alien's undesirability as a permanent resident." *Matter of C-V-T-*, 22 I. & N. Dec. 7, 11 (BIA 1998) (quoting *Matter of Marin*, 16 I. & N. Dec. 581, 584 (BIA 1978)). As part of this analysis, *Matter of Thomas* requires the BIA to consider the "nature of

---

[1] Saeed also argues that the BIA improperly disregarded the Immigration Judge's (IJ) fact finding by concluding that Saeed intended to follow through on the jail-cell conversations. *See* 8 C.F.R. § 1003.1(d)(3)(i)-(ii). This argument fails because the BIA in fact accepted the IJ's finding that Saeed's jail-cell conversations were "merely part of a fabricated story."

[contacts with law enforcement]" and counsels that "the stage to which those proceedings have progressed should be taken into account and weighed accordingly." 21 I. & N. Dec. 20, 24 (BIA 1995). There is no indication here that the BIA failed to conduct this analysis. The BIA separated its analysis of Saeed's arrest record from its analysis of his convictions, and, in fact, clarified that two of the incidents recognized by the IJ as convictions were of lesser weight because they were in fact only arrests.

We do not reach the merits of Saeed's argument that the BIA violated the First Amendment by considering his jail-cell conversations regarding terrorist associates and an alleged bomb threat. The BIA's opinion does not clearly indicate whether this speech was actually considered in reaching its determination, and we are therefore forced to vacate the judgment and remand to the BIA to clarify whether and to what extent Saeed's speech was a basis for denying cancellation of removal.

Under familiar administrative law principles, we "may affirm the [BIA] only on grounds set forth in the opinion under review." *Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) (citing *SEC v. Chenery Corp. (Chenery I)*, 318 U.S. 80, 87 (1943)); *see also Altamirano v. Gonzales*, 427 F.3d 586, 595 (9th Cir. 2004) ("We 'may not accept appellate counsel's post hoc rationalizations for

3

agency action; *Chenery* requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself . . . .'" (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962))). "'[A]n important corollary' to that rule is that the basis for an agency determination 'must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action.'" *Recinos De Leon*, 400 F.3d at 1189 (alteration in original) (quoting *SEC v. Chenery Corp.* (*Chenery II*), 332 U.S. 194, 196-97 (1947)).

Here, it is not clear from the BIA's opinion whether the BIA intended to offer Saeed's alleged terroristic speech as an alternative grounds for denying cancellation of removal, or as an integral part of the discretionary analysis prescribed by *Matter of C-V-T-*. The BIA appeared to rely on Saeed's "extensive criminal history," and noted Saeed's speech separately. At oral argument, the government argued that the court should read the word "[f]urthermore" as an indication that the BIA intended its discussion of Saeed's speech as an alternative holding. Whether the BIA so intended to offer alternative bases for its action, "we cannot, with any confidence, discern the grounds for the agency's action," *Recinos De Leon*, 400 F.3d at 1193, and we therefore cannot review the BIA's decision

without clarification.  On remand, the BIA should clarify whether it viewed

Saeed's speech as part of its holding or as an alternative holding.

**PETITION GRANTED; DECISION VACATED AND REMANDED.**