NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN VERA-PEREZ, | No.   20-73247 |
| Petitioner, | Agency No. A216-051-641 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2022[**]
Las Vegas, Nevada

Before:  D.M. FISHER,[***] BENNETT, and KOH, Circuit Judges.

Ruben Vera-Perez, a native and citizen of Mexico, petitions this Court for

review of the Board of Immigration Appeals' (BIA's) dismissal of his appeal of an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Immigration Judge's (IJ's) denial of his application for adjustment of status. We lack jurisdiction and therefore dismiss the petition.[1]

Vera-Perez is potentially eligible for a statutory exception that allows adjustment of status if an alien, among other criteria, is the subject of a properly filed I-130 Petition for Alien Relative dated on or before April 30, 2001. 8 U.S.C. § 1255(i). Discretion to grant or deny a § 1255(i) petition rests with the Attorney General. *Id.* § 1255(i)(2) ("[T]he Attorney General may adjust the status of the alien. . . ."). We are deprived of jurisdiction to review this determination. *Id.* § 1252(a)(2)(B) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255."). However, we are not precluded from "review of constitutional claims or questions of law." *Id.* § 1252(a)(2)(D).

Vera-Perez argues that the IJ and BIA committed legal error because they violated BIA precedent by erroneously weighing the significance of two police reports: the reports of his December 21, 2000 arrest for corporal injury of a spouse and related charges, and his May 17, 2019 arrest for driving under the influence and related charges. Neither of these arrests have resulted in a conviction. The charges stemming from the 2000 arrest were dropped. Some of the charges stemming from the 2019 arrest resulted in fines, and some remain pending.

---

[1] The motion for temporary stay of removal is denied as moot.

Contrary to Vera-Perez's arguments, the IJ and BIA were permitted to consider the arrest reports. "In determining whether an application for relief is merited as a matter of discretion, evidence of unfavorable conduct, including criminal conduct which has not culminated in a final conviction . . . , may be considered." *Matter of Thomas*, 21 I. & N. Dec. 20, 20 (B.I.A. 1995). The evidence is weighed according to its strength and the facts and circumstances of the case. *Id.* at 20, 24. The IJ and BIA considered that the arrests bookended two DUI convictions and noted the alcohol-related pattern shown by the arrests and convictions. In addition, the IJ found that Vera-Perez had been offered treatment but had not "demonstrated genuine rehabilitation." Given the totality of the circumstances, the IJ concluded—after a lengthy and thoughtful analysis—that Vera-Perez's convictions and "repeated failure to conform his conduct to the requirements of the law" outweighed the factors that favored him. The BIA adopted and affirmed the IJ's opinion, holding that the record supported the IJ's findings. Thus, the agency weighed the evidence of the arrests "according to the facts and circumstances," as it was required to do. *Id.* at 20, 24.

Vera-Perez cites a case where the BIA was "hesitant to give substantial weight" to an arrest report. *In Re Arreguin de Rodriguez*, 21 I. & N. Dec. 38, 42 (B.I.A. 1995). The facts of *Arreguin de Rodriguez* are distinguishable. The petitioner had denied wrongdoing, and the conduct for which she was arrested

3

(giving a ride to a family near the border) was susceptible of an innocent explanation. *Id.* Here, by contrast, Vera-Perez has not denied wrongdoing or contested the facts in the arrest records. Nor is there an innocent explanation for battering one's spouse or causing an accident while driving drunk.

Similarly, two out-of-circuit cases that follow *Arreguin de Rodriguez* are distinguishable because the petitioners credibly denied wrongdoing. *Avila-Ramirez v. Holder*, 764 F.3d 717, 719 (7th Cir. 2014) (IJ found the petitioner "'credible' and gave 'full weight to his testimony'"); *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 709-10 (6th Cir. 2004) (court-appointed social worker evaluated the petitioner and agreed he did not commit the acts described in the criminal complaints).

Because the IJ and BIA did not commit legal error, Vera-Perez's argument amounts to a request for this Court to reweigh the evidence. We lack jurisdiction to do so. *Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1152-53 (9th Cir. 2015) ("Although framed in an attempt to present a question of law, . . . this argument challenges the BIA's discretionary decision . . . . We therefore lack jurisdiction to decide the merits of this argument.").[2]

---

[2] Panels of this Court have considered arguments similar to Vera-Perez's and have framed the result differently. Rather than concluding that the failure to make out a legal error results in a lack of jurisdiction, they have denied the petition on the merits after holding that there is "jurisdiction to consider whether the BIA acted 'contrary to law' by violating" its own precedents, i.e., *Thomas*, 21 I. & N. Dec. at 20, and *Arreguin*, 21 I. & N. Dec. at 38. *See, e.g.*, *Martinez-Corona v. Garland*, No. 19-72569, 2021 WL 4868357, at *1 (9th Cir. Oct. 19, 2021) (denying the

**DISMISSED.**

---

petition because "nothing indicates that [*Arreguin*'s] case-specific holding was intended to overrule or modify the more general *Thomas* standard or prevent IJs from considering arrest reports altogether"). Viewing Vera-Perez's argument this way, we would deny the petition on the merits for the reasons stated above.