# Matter of Samuel Michael McDONALD, Respondent

*Decided by Board August 13, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's convictions for endangering the welfare of a child, combined with the respondent's conduct as described in the charging document and the victim's statement, demonstrate that the respondent does not warrant a favorable exercise of discretion.

FOR THE RESPONDENT: Thomas M. Griffin, Esquire, Philadelphia, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jeffrey F. Boyles, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER and GOODWIN, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

HUNSUCKER, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's January 15, 2025, decision granting the respondent, a lawful permanent resident of the United States and native and citizen of Canada, cancellation of removal under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a) (2018), as a matter of discretion. The respondent opposes the appeal. DHS' appeal will be sustained.

We review findings of fact determined by an Immigration Judge, including credibility findings, under a "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i) (2025). We review questions of law, discretion, and judgment, and all other issues in an appeal from the decision of an Immigration Judge, under a de novo standard. 8 C.F.R. § 1003.l(d)(3)(ii). The respondent has the burden of establishing that he meets all applicable eligibility requirements for cancellation of removal and that he merits a grant

---

[1] Pursuant to Order No. 6406-2025, dated September 22, 2025, the Attorney General designated the Board's decision in *Matter of McDonald* (BIA Aug. 13, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

of relief in the exercise of discretion. *See* INA § 240(c)(4)(A), 8 U.S.C. § 1229a(c)(4)(A) (2018); 8 C.F.R. § 1240.8(d) (2025).

The respondent was admitted to the United States as a lawful permanent resident on May 4, 1991, when he was approximately 24 years old, and has remained in the United States since that time. The Immigration Judge granted the respondent cancellation of removal based on a consideration of the discretionary factors, and determined that the equities outweighed the adverse factors, including the respondent's long residence in the United States, his family ties within the United States, his employment and health history, and the hardship to his United States citizen daughter in the event of the respondent's removal. *See Matter of C-V-T-*, 22 I&N Dec. 7, 11 (BIA 1998).

In assessing whether the respondent merits a favorable exercise of discretion on his cancellation application, we "must balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his (or her) behalf to determine whether the granting of . . . relief appears in the best interest of this country." *Id.* (citation omitted). "[F]avorable considerations include such factors as family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred at a young age), evidence of hardship to the respondent and his family if deportation occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character." *Id.* Adverse factors include "the nature and underlying circumstances of the grounds of exclusion or deportation (now removal) that are at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country." *Id.*

The Immigration Judge found that the respondent was "convicted of two counts of endangering the welfare of a child, pursuant to New York Penal Law Section 260.10(1), a Class A misdemeanor that covers a broad range of conduct and is *not limited to any sexual abuse or contact*."[2] (Emphasis

---

2  Section 260.10(1) of the New York Penal Law states:

> A person is guilty of endangering the welfare of a child when:
>   1. He or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old or directs or

added).  On appeal, DHS argues that the Immigration Judge erred in assuming that no sexual conduct occurred with the victim based on the lack of a conviction for a sexual offense.  We agree with DHS based on the text of the statute, which does not exclude sexual activity, and the fact that the 2021 charging document included sexual conduct.  *See Matter of Thomas*, 21 I&N Dec. 20, 23-26 (BIA 1995) (determining whether to exercise discretion in the respondent's favor based on consideration of evidence of unfavorable conduct, including criminal conduct which has not culminated in a final conviction for purposes of the INA).  Thus, the Immigration Judge clearly erred in finding the respondent did not engage in the sexual acts alleged by the victim.  *See* 8 C.F.R. § 1003.1 (d)(3)(i).

Upon de novo review of the discretionary determination, we consider the victim's statement that the respondent bought his 14-year-old victim sex toys and drugs, including crack cocaine, that the respondent attempted to lure the victim into a sexual relationship with him and another woman, that he prefers girls with psychiatric health issues, and that the respondent arranged for his victim to perform sexual acts with another adult male.  We acknowledge the respondent's testimony that the victim was either dreaming or was coached in making her statement and his claim that his relationship with the victim was platonic.  However, we also recognize the uncontested findings of the Immigration Judge that the respondent traveled with the 14-year-old victim to assist her in obtaining cocaine and subsequently accompanied this 14-year-old victim so that she could sell Xanax.

The respondent has a significant history of employment, although he is currently reliant on public assistance for income, food, and health care.  The respondent's adult daughter, who lives with her partner, has autism and mental health issues, and the respondent also has health issues and long residence in the U.S.  However, even assuming the respondent's relationship with the 14-year-old victim was platonic, the seriousness and recency of the respondent's uncontested criminal acts are extremely significant negative factors.

Upon de novo review, we conclude that the respondent's serious and recent criminal behavior outweighs the positive factors present in his case. Therefore, we conclude that the respondent has not adequately demonstrated that he warrants a favorable exercise of discretion, and we will reverse and vacate the grant of cancellation of removal.

---

authorizes such child to engage in an occupation involving a substantial risk of danger to his or her life or health.

Finally, DHS alleges on appeal that the Immigration Judge erred in finding the respondent generally credible, but not credible as to his testimony regarding his sexuality. We note that the respondent's claim to not have sexual interest in his victim because she is "the wrong gender," is premised upon noncredible testimony. *See* INA § 240(c)(4)(C), 8 U.S.C. § 1229(c)(4)(C) (stating that credibility determinations are based on the totality of the circumstances and all relevant factors, including the responsiveness of the applicant, the inherent plausibility of the applicant's account, the consistency between the applicant's written and oral statements, and the internal consistency of each such statement). Although the respondent's lack of credibility in one area has affected the credibility of the rest of his testimony, particularly related to the nature of the relationship with the victim, we need not remand the case to the Immigration Judge for additional findings because we reverse the discretionary grant of cancellation of removal on other grounds.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's grant of cancellation of removal is reversed and vacated.

**FURTHER ORDER:** The respondent is ordered removed to Canada.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).