# Matter of Erlin Orande Ahinsha RICHARDS, Respondent

*Decided by Board April 21, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien's lack of candor regarding his criminal history is a significant adverse factor when exercising discretion on an application for cancellation of removal.

FOR THE RESPONDENT: Michael Z. Goldman, Esquire, New York, New York

BEFORE: Board Panel: HUNSUCKER and CHABAN, Appellate Immigration Judges; TERRIEN, Temporary Appellate Immigration Judge.

TERRIEN, Temporary Appellate Immigration Judge:

The respondent, a native and citizen of Saint Vincent and the Grenadines and a lawful permanent resident of the United States, appeals the Immigration Judge's May 16, 2025, decision denying his application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a) (2024). The Department of Homeland Security ("DHS") has not filed a brief on appeal. The appeal will be dismissed.

The respondent became a lawful permanent resident of the United States on May 4, 1992. On November 16, 2009, the respondent was convicted of possession of marijuana in violation of section 481.121(b)(1) of the Texas Health and Safety Code. On March 9, 2025, the respondent applied for admission to the United States as a returning lawful permanent resident. DHS issued a notice to appear for the respondent designating him as an arriving alien and charging him with inadmissibility under section 212(a)(2)(A)(i)(II) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2024), as an alien "convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements" of violating a State law relating to a federally controlled substance. The Immigration Judge

---

[1] Pursuant to Order No. 6874-2026, dated May 26, 2026, the Acting Attorney General designated the Board's decision in *Matter of Richards* (BIA Apr. 21, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

sustained the charge of removability. The Immigration Judge additionally found that the respondent did not testify credibly and denied the respondent's application for cancellation of removal as a matter of discretion.

As an initial matter, we affirm the Immigration Judge's adverse credibility finding, as it is not clearly erroneous. *See* 8 C.F.R. § 1003.1(d)(3)(i) (2026); *Alimbaev v. Att'y Gen. of U.S.*, 872 F.3d 188, 196–97 (3d Cir. 2017) (stating that an Immigration Judge's credibility determination is viewed with "exceptional deference, recognizing that the [Immigration Judge] 'alone is in a position to observe an alien's tone and demeanor, to explore inconsistencies in testimony, and to apply workable and consistent standards in the evaluation of testimonial evidence'" (quoting *Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003))). The Immigration Judge provided specific and cogent reasons to support an adverse credibility finding under the totality of the circumstances. *See* INA § 240(c)(4)(C), 8 U.S.C. § 1229a(c)(4)(C) (2024); *Abdulrahman*, 330 F.3d at 597 (observing that an adverse credibility finding must be "grounded in evidence in the record" and be based on "specific cogent reasons").

Specifically, the Immigration Judge relied on material inconsistencies between the respondent's testimony regarding his criminal history and a Federal Bureau of Investigation ("FBI") criminal history report submitted by DHS. *See Sunuwar v. Att'y Gen. U.S.*, 989 F.3d 239, 251–52 (3d Cir. 2021) (upholding the Immigration Judge's adverse credibility determination based on inconsistencies and omissions). The respondent testified that his criminal history was limited to a single arrest for marijuana possession in 2005 or 2006 in connection with his aforementioned conviction. However, the FBI criminal history report reflects that the respondent has been arrested for or charged with multiple criminal offenses on several occasions, including making a false report to law enforcement, possession of stolen property, knowingly displaying false license plates, driving with a suspended license, assault involving domestic violence, and violating a protection order—some of which resulted in convictions.

The Immigration Judge permissibly rejected the respondent's explanation that he has no memory of these other incidents, in light of his extensive contact with law enforcement and his testimony that he does not suffer from memory issues. *See Matter of E-F-N-*, 28 I&N Dec. 591, 595 (BIA 2022) (recognizing that an Immigration Judge is not required to accept an applicant's explanation for a discrepancy in the record where there are other

permissible views of the evidence).[2]   While we acknowledge competing views of the evidence advocated by the respondent on appeal, the Immigration Judge is permitted to make reasonable inferences among the plausible explanations for discrepancies in the record, and he did so here. *See Cooper v. Harris*, 581 U.S. 285, 299, 309 (2017) (holding that under clear error review, a court may reverse only when "left with the definite and firm conviction that a mistake has been committed," and where there are "two permissible" views of the evidence, the factfinder's choice between them cannot be clearly erroneous (citations omitted)); *Matter of J-Y-C-*, 24 I&N Dec. 260, 263 (BIA 2007) (explaining that a factual finding is not "clearly erroneous" merely because there are two permissible views of the evidence (citing *United States v. Nat'l Ass'n of Real Est. Bds.*, 339 U.S. 485, 495 (1950))).

We additionally affirm the discretionary denial of the respondent's application for cancellation of removal.  *See Matter of Castillo-Perez*, 27 I&N Dec. 664, 670–71 (A.G. 2019); *Matter of C-V-T-*, 22 I&N Dec. 7, 11–12 (BIA 1998).  The Immigration Judge considered the respondent's positive equities including his lengthy residence in the United States, his close family ties in the United States, and his established history of employment.  *See Matter of Marin*, 16 I&N Dec. 581, 584–85 (BIA 1978) (finding residence of long duration in this country and history of employment are appropriate discretionary factors to consider).  The Immigration Judge also considered the potential hardship to the respondent's children.

The foregoing equities are significant, but we agree with the Immigration Judge that they are outweighed by the respondent's lack of candor regarding his criminal history and his criminal record.  *See id.* at 584 (outlining the existence of a criminal record as an appropriate discretionary factor to weigh); *Matter of Thomas*, 21 I&N Dec. 20, 23 (BIA 1995) (stating that evidence of unfavorable conduct, including criminal conduct that has not culminated in a final conviction, may be considered in a discretionary analysis).  We acknowledge the respondent's argument on appeal that his absence of any arrests or criminal offenses since 2008 demonstrates the requisite level of rehabilitation.  However, we discern no clear error in the Immigration Judge's findings of fact with respect to these issues.  8 C.F.R. § 1003.1(d)(3)(i).  The Immigration Judge permissibly concluded that the

---

[2]   The respondent does not allege that the FBI criminal history report submitted by DHS is inaccurate or otherwise unreliable.  Absent clear evidence to the contrary, we presume that government agencies properly discharge their official duties, and we afford a presumption of regularity to the records they create.  *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926).

respondent's lack of candor regarding his criminal history undermines his rehabilitative efforts and his testimony regarding those efforts. The respondent's disagreement with the ultimate outcome of the Immigration Judge's decision is insufficient to demonstrate that the outcome was the result of an improper view of the facts and evidence presented. *See Matter of D-R-*, 25 I&N Dec. at 455. Therefore, upon consideration of the totality of the circumstances presented in this case and a balancing of the appropriate factors, we agree with the Immigration Judge's decision to deny the respondent's application for cancellation of removal as a matter of discretion.

**ORDER:** The appeal is dismissed.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).