# Matter of Albert D. MILLS, Respondent

*Decided by Board April 28, 2026*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge erred in granting cancellation of removal for certain permanent residents as a matter of discretion because the respondent's extensive criminal history outweighed his equities.

FOR THE RESPONDENT: Jamy Patterson, Esquire, Batavia, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Cheryl L. Grundy, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER, GEMOETS, and CHABAN, Appellate Immigration Judges.

CHABAN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the decision of the Immigration Judge dated July 9, 2025, granting the respondent's application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a) (2024). The respondent, a native and citizen of Canada, filed a brief in opposition to the appeal. We will sustain the appeal, vacate the Immigration Judge's decision, and order the respondent removed to Canada.

On appeal, DHS argues that the Immigration Judge erroneously granted the respondent's application for cancellation of removal on discretionary grounds. Whether a favorable exercise of discretion is warranted is a question that we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2026). To determine whether a respondent merits cancellation of removal as a matter of discretion, we must balance the negative factors evidencing his undesirability as a permanent resident with the social and humane considerations presented on his behalf to determine whether the granting of

---

[1] Pursuant to Order No. 6920-2026, dated May 29, 2026, the Acting Attorney General designated the Board's decision in *Matter of Mills* (BIA Apr. 28, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

relief appears in the best interest of this country. *Matter of C-V-T-*, 22 I&N Dec. 7, 11–12 (BIA 1998); *Matter of Marin*, 16 I&N Dec. 581, 584–85 (BIA 1978).

We acknowledge, as did the Immigration Judge, that the respondent presented numerous equities. The respondent is 60 years old and has several health issues. He has been a lawful permanent resident of the United States for over 30 years. He has close relationships with his son, daughter-in-law, and grandchild who reside in the United States. The respondent also maintained steady employment and consistently filed his tax returns in the United States. However, the respondent also has an extensive history of violating the law in the United States.

Upon de novo review, we conclude that the respondent's equities are insufficient to outweigh his extensive criminal history. The respondent's testimony and evidence of record reflect two separate convictions for criminal possession of stolen property and burglary in 2000, a conviction for endangering the welfare of a child in 2004, a conviction for driving while ability impaired ("DWAI") in 2007, and a conviction for harassment in 2024.

The respondent's 2007 conviction for DWAI, in which he caused an accident that resulted in physical damage, is a significant adverse factor. The Supreme Court of the United States has noted that the offense of driving while impaired involves conduct that "presents a serious potential risk of physical injury to another" and that "[d]runk driving is an extremely serious crime." *Begay v. United States*, 553 U.S. 137, 141 (2008) (citation omitted), *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591 (2015); *see also Matter of Castillo-Perez*, 27 I&N Dec. 664, 670 (A.G. 2019) (noting that "drunk and other forms of impaired driving are unacceptable conduct that imposes intolerable harms on society"). Moreover, in 2004, the respondent was convicted of endangering the welfare of a child. The respondent testified that the incident involved his babysitter and confirmed that he was initially charged with sexual abuse in the third degree, though the conviction was limited to endangering the welfare of a child.

In 2024, the respondent was charged for criminal obstruction of breathing and assault in the third degree but was convicted of harassment. The respondent testified that he had a problem with an ex-girlfriend that led to an altercation and ultimately resulted in an order of protection being issued on behalf of the victim. *See Matter of Thomas*, 21 I&N Dec. 20, 23 (BIA 1995) (noting that unfavorable conduct, even in the absence of a conviction, may be considered in the exercise of discretion); *see also Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir. 2006) (identifying "no reason to prevent an

[Immigration Judge] or the [Board] from considering an applicant's anti-social conduct—whether leading to a conviction . . . or no legal judgment whatsoever—as an adverse factor in evaluating an application for discretionary relief"). In many contexts, immigration law considers crimes against persons to be particularly grave. *See, e.g.*, *Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008) (observing that crimes against persons are more likely to be particularly serious in the asylum context than crimes against property).

We recognize that the respondent expressed a desire to better himself. However, the record does not support the Immigration Judge's finding that the respondent has sufficiently demonstrated rehabilitation, particularly considering his ongoing criminal activity. *See Matter of C-V-T-*, 22 I&N Dec. at 12. While the Immigration Judge found that the respondent did not engage in any criminal conduct from 2007 to 2024, the respondent's 2024 conviction for harassment, resulting in an order of protection issued on behalf of the victim, demonstrates the ongoing nature of his recidivist behavior and undermines his claimed desire for rehabilitation and intent to change his life. *See id*. at 11 (recognizing the existence of a criminal record as an adverse factor in discretionary determinations).

Like the Immigration Judge, we acknowledge the respondent has noteworthy equities in the United States, including his long-term residence in the United States, family ties, employment history, and history of tax compliance. While the respondent has lived in the United States for approximately 3 decades, the discretionary weight attributable to his long-term residence is reduced by the fact that he has an extensive criminal record in the United States. The respondent's family ties provide another positive factor to be weighed against his criminal record. However, these ties, in conjunction with the respondent's additional equities, do not outweigh his extensive criminal history. *See Matter of Sotelo*, 23 I&N Dec. 201, 203 (BIA 2001) ("In any balancing test, various factors, whether positive or negative, are accorded more weight than others according to the specific facts of the individual case.").

We do not minimize the significance of the respondent's positive factors and ties to the United States. However, weighing the respondent's equities against the adverse factors present in his case, we conclude that the respondent's undesirability as a permanent resident outweighs the favorable factors and social and humane considerations presented on his behalf such that a grant of cancellation of removal is not in the best interest of the United States. *See Matter of C-V-T-*, 22 I&N Dec. at 11; *see also Matter of Nemis*, 28 I&N Dec. 250, 260 (BIA 2021) (stating that we review the

discretionary findings of the Immigration Judge de novo), *remanded on other grounds sub nom. Nemis v. Garland*, No. 21-6151-ag, 2024 WL 1252947 (2d Cir. Mar. 25, 2024).

**ORDER:** DHS' appeal is sustained, and the Immigration Judge's July 9, 2025, decision granting cancellation of removal under section 240A(a) of the INA, 8 U.S.C. § 1229b(a), is vacated.

**FURTHER ORDER:** The respondent is ordered removed from the United States to Canada.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).