# In re Victor Manuel de Fraga TEIXEIRA, Respondent

File A38 067 409 - Hartford

*Decided April 23, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Where the statute under which an alien was convicted encompasses offenses that constitute firearms violations and offenses that do not, the Board of Immigration Appeals looks to the record of conviction, and to other documents admissible as evidence in proving a criminal conviction, to determine whether the specific offense of which the alien was convicted constitutes a firearms violation within the meaning of section 241(a)(2)(C) of Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. V 1993).

(2) A police report, standing alone, is not part of a "record of conviction," nor does it fit any of the regulatory descriptions found at 8 C.F.R. § 3.41 (1995) for documents that are admissible as evidence in any proceeding before an Immigration Judge in proving a criminal conviction, and it therefore should not be considered in determining whether the specific offense of which an alien was convicted constituted a firearms violation.

(3) Although a police report concerning circumstances of arrest that is not part of a record of conviction is appropriately admitted into evidence for the purpose of considering an application for discretionary relief, it should not be considered for the purpose of determining deportability where the Act mandates a focus on a criminal conviction, rather than on conduct.

FOR RESPONDENT: Joseph M. Tapper, Esquire, Bloomfield, Connecticut

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Richard G. Buyniski, General Attorney

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members

FILPPU, Board Member:

In a decision dated December 17, 1993, an Immigration Judge found the respondent deportable pursuant to section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. V 1993). The respondent has appealed from that decision. The respondent's request for oral argument before the Board is denied. *See* 8 C.F.R. § 3.1(e) (1995). The appeal will be sustained and the deportation proceedings will be terminated.

# I.  ISSUE

The issue raised by the appeal is whether a police report may be considered to determine whether an alien is deportable under section 241(a)(2)(C) of the Act, as an alien convicted of a firearms violation. We hold that a police report such as in this case may not be considered to determine whether an alien is deportable under section 241(a)(2)(C) of the Act. We also hold that where the statute under which an alien was convicted encompasses offenses that constitute firearms violations and offenses that do not, the determination whether the alien was convicted of a firearms violation is limited to an examination of the statute, the "record of conviction," and any other documents described by the regulations as admissible as evidence in proving a criminal conviction.

# II.  PROCEDURAL HISTORY

The respondent, a 28-year-old native and citizen of Portugal, was admitted to the United States as a lawful permanent resident on February 7, 1985. On October 7, 1992, the Immigration and Naturalization Service issued an Order to Show Cause and Notice of Hearing (Form I-221) charging the respondent with deportability under section 241(a)(2)(B)(i) of the Act. In his December 17, 1993, decision, the Immigration Judge determined that the Service had not sustained its burden of establishing the respondent's deportability pursuant to section 241(a)(2)(B)(i) of the Act. The Service has not appealed from that determination, and it is not at issue.

On October 5, 1993, the Service issued Additional Charges of Deportability (Form I-261), charging the respondent with deportability under section 241(a)(2)(C) of the Act, as an alien convicted of a firearms violation. The Service alleged that the respondent was "on October 28, 1988, convicted in the Superior Court, Bridgeport, Connecticut, for the offense of having a weapon in a motor vehicle, to wit; a .25 cal. Beretta handgun, serial no. M39305, in violation of section 29-38 of the Connecticut General Statutes."

At a deportation hearing held on December 17, 1993, the respondent denied the factual allegation on the Additional Charges of Deportability, as well as deportability under section 241(a)(2)(C) of the Act. The respondent filed an Application for Advance Permission to Return to Unrelinquished Domicile (Form I-191) pursuant to section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. V 1993). The Immigration Judge admitted into evidence a record of plea, verdict, and sentence prepared by the State of Connecticut Superior Court.

This document reflects that on October 28, 1988, the respondent was convicted under section 29-38 of the Connecticut General Statutes, but does not reflect the specific "weapon" in issue.

The Immigration Judge also admitted into evidence, over the objection of counsel for the respondent, a police incident report of the Police Department

of Bridgeport, Connecticut. The police report reflects that on August 14, 1988, officers of the Police Department of Bridgeport, Connecticut, stopped the respondent in his vehicle, arrested him, and discovered in the vehicle a "gun . . . described as follows[:] a Mod. 950 .25 Cal. B-Cal. 6.35 Beretta Serial #M39305" with "six live rounds in the clip."

In his decision, the Immigration Judge stated: "Based on the record of conviction and the police report submitted in connection therewith, . . . deportability has been established by clear, convincing, and unequivocal evidence with respect to the weapons violation charge."

## III.  CONSIDERATION OF POLICE REPORT TO DETERMINE DEPORTABILITY UNDER SECTION 241(a)(2)(C) OF THE ACT

### A.  Divisible Weapons Statute

Any alien who at any time after entry "is convicted" under any law of possessing or carrying any weapon which is a firearm is deportable. *See* section 241(a)(2)(C) of the Act. In contrast to other grounds of deportation, where an alien's conduct is made the focus of the inquiry, e.g., section 241(a)(2)(B)(ii) of the Act (making deportable a "drug abuser or addict"), the firearms offense provision directs the inquiry to whether the alien stands "convicted under any law" of certain generally described firearms or destructive device violations. To determine whether the respondent was convicted of a firearms violation, we look first to the provisions of the law under which he stands convicted.

The respondent was convicted under section 29-38 of the Connecticut General Statutes. That section, captioned "Weapons in vehicles," provides, in relevant part:

> Any person who knowingly has, in any vehicle owned, operated or occupied by him, any weapon . . . shall be fined . . . or imprisoned . . . . The word "weapon", as used in this section, means any pistol or revolver, any dirk knife or switch knife or any knife having an automatic spring release device by which a blade is released from the handle, having a blade of over one and one-half inches in length, and any other dangerous or deadly weapon or instrument, including any slung shot, black jack, sand bag, metal or brass knuckles, stiletto, knife, the edged portion of the blade of which is four inches or over in length or martial arts weapon as defined in section 53a-3.

Conn. Gen. Stat. § 29-38 (1988).

The statute under which the respondent was convicted is divisible; it encompasses offenses that constitute firearms violations and offenses that do not. Possession of a firearm is not an essential element of the crime of which the respondent was convicted. Where the statute under which an alien was convicted is divisible, we look to the record of conviction, and to other documents admissible as evidence in proving a criminal conviction, to determine whether the specific offense for which the alien was convicted constitutes a firearms violation within the meaning of section 241(a)(2)(C) of Act. 8

C.F.R. § 3.41 (1995); *cf., e.g., Matter of Short*, 20 I&N Dec. 136, 137 (BIA 1989) (involving deportability for crimes of moral turpitude under section 241(a)(2)(A)(i) of the Act). Therefore, we look to the respondent's record of conviction, and to other documents admissible as evidence in proving a criminal conviction, to determine whether the specific offense of which he was convicted constitutes a firearms violation within the meaning of section 241(a)(2)(C) of Act.

### B. Police Report and "Record of Conviction"

The police report indicates that the respondent may, in actual fact, have had a firearm in his car at the time of his arrest. However, the issue before us is not whether the respondent unlawfully had a firearm in his car as a matter of fact, but whether he was *convicted* of such misconduct. None of the documents contained in the record of proceedings of the kind that we have previously recognized as parts of a "record of conviction" establishes that "fact." *See, e.g., Matter of Rodriguez-Cortes*, 20 I&N Dec. 587, 588 (BIA 1992) (including an information in "record of conviction"); *Matter of Short, supra*, at 137-38 (including indictment, plea, verdict, and sentence in "record of conviction"); *Matter of Mena*, 17 I&N Dec. 38 (BIA 1979) (considering transcript from proceedings of arraignment in which alien accepted guilty plea as part of "record of conviction"); *Matter of Esfandiary*, 16 I&N Dec. 659, 661 (BIA 1979) (including charge or indictment, plea, verdict, and sentence in "record of conviction"); *Matter of Ghunaim*, 15 I&N Dec. 269, 270 (BIA 1975) (including charge or indictment, plea, judgment or verdict, and sentence in "record of conviction"). While the Service argues for reliance on the police report, it does not claim that the police report is actually part of the "record of conviction" in this case. Nor does the Service expressly challenge the established case law holding that one looks to the record of conviction to determine the nature of a conviction.[1]

The only document introduced into evidence that we consider to be part of the respondent's "record of conviction," or that fits any of the regulatory descriptions found at 8 C.F.R. § 3.41 for documents that are admissible as evidence in any proceeding before an Immigration Judge in proving a criminal conviction, is the record of plea, verdict, and sentence. *See* 8 C.F.R. §§ 3.41(a)(2), (5), (6). The police report is not part of a "record of conviction," nor does it fit any of the regulatory descriptions. *Cf.* 8 C.F.R. § 3.41.[2] Therefore, the police report should not have been considered to determine

---

[1] We note that in the context of crimes involving moral turpitude, the Government has long opposed looking outside the record of conviction to resolve questions of deportability. *See, e.g., Tillinghast v. Edwards,* 31 F.2d 81, 82-84 (1st Cir. 1929); *see also Castle v. INS,* 541 F.2d 1064, 1066 n.5 (4th Cir. 1976).

[2] We do not consider here a case in which a police report is incorporated into documents that we would consider to be part of a "record of conviction."

whether the specific offense of which the respondent was convicted constitutes a firearms violation.

## C. Materiality of Police Report

The crux of the Service's argument on appeal is that the police report is "probative of the circumstances surrounding the respondent's arrest and conviction as well as identify[ing] the type of weapon with specificity." We recognize that reliable police reports can be very useful in determining the circumstances surrounding an arrest. But, a particular criminal incident can often result in the violation of multiple criminal provisions of law. The arrest report typically will not tell us what charges the prosecution chose to pursue, nor which of those charges actually resulted in a "conviction." There may be a wide gulf between the most serious offense an individual may have committed and what he ultimately is convicted of having done. As the firearms ground of deportability hinges on the existence of a conviction, the material evidence is that which discloses what type of offense the conviction encompasses. General evidence related to what a respondent has done—as opposed to specific evidence of what he was actually convicted of doing—is not relevant to the issue of deportability under section 241(a)(2)(C) of the Act, because neither an Immigration Judge nor this Board can try or retry the criminal case (i.e., deportation proceedings cannot result in a "conviction"). *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) (stating that an Immigration Judge "cannot adjudicate guilt").

The Service also argues that under the regulations the police report should be considered to determine the respondent's deportability because the report is "material and relevant to the issues in the case." 8 C.F.R. § 242.14(c) (1995). We disagree. The police report may be relevant to the issue of whether the respondent was convicted of a firearms violation, inasmuch as it may make the existence of the "fact" that the respondent was convicted of a firearms violation more probable than it would be without the police report. Black's Law Dictionary 1160 (5th ed. 1979). However, *material* evidence refers to evidence that by itself or in connection with other evidence is determinative of the case. *Id.* at 881. We decide today that only reference to a "record of conviction" or other document admissible under 8 C.F.R. § 3.41 will determine whether an alien was in fact convicted of a firearms violation. Because the police report in this case is neither part of a "record of conviction," nor a document admissible under 8 C.F.R. § 3.41, it is not material to the respondent's deportability under section 241(a)(2)(C) of the Act, and 8 C.F.R. § 242.14(c) does not require that it be considered to determine whether the respondent is deportable under that section.

## D. Police Report and Discretionary Applications

On appeal the Service adopts the Immigration Judge's reasoning that our decision in *Matter of Grijalva*, 19 I&N Dec. 713 (BIA 1988), permits a police report to support a charge of deportability under section 241(a)(2)(C) of the Act. We do not agree with that reasoning. In *Matter of Grijalva, supra*, we held that inasmuch as all relevant factors regarding an alien's arrest and conviction should be considered in cases involving discretionary relief, police reports concerning circumstances of arrest are appropriately admitted into evidence. *See Matter of Thomas,* 21 I&N Dec. 20 (BIA 1995). This appeal does not involve an application for discretionary relief. Rather, it concerns whether the Service has established by clear, unequivocal, and convincing evidence that the respondent is deportable as an alien convicted of a firearms violation. *See Woodby v. INS,* 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a).

This difference in the treatment of a police report is the result of the different issues raised by the charge of deportability under section 241(a)(2)(C) of the Act and an application for discretionary relief. The question posed by the respondent's application for discretionary relief is whether he warrants a favorable exercise of discretion. The police report may be helpful in answering that question, because it bears on the issue of the respondent's *conduct* when he was arrested, and this in turn is germane to whether the respondent merits discretionary relief from deportation.

The fact that an Immigration Judge may consider police reports in ruling on applications for discretionary relief does not, however, mean that such reports should also be considered in determining deportability where the Act mandates a focus on a criminal conviction, rather than on an alien's conduct.[3]

Congress has tied deportability under section 241(a)(2)(C) of the Act to a conviction, not to conduct. To have drafted the law otherwise would have entailed significant costs in relation to the efficient adjudication of cases. Inquiring beyond a record of conviction to determine deportability could lead to protracted evidentiary hearings, inconsistent with the streamlined determination that a deportation hearing is intended to provide. *See INS v. Lopez-Mendoza, supra,* at 1039. Although evidence of criminal activity should be considered in discretionary determinations, an Immigration Judge may in the exercise of his sound discretion limit that inquiry to the extent necessary to conduct the discretionary phase of the application. This reduces the risks of protracted evidentiary hearings, particularly where an application involves multiple discretionary factors.

---

[3] By this we do not intend to foreclose the use of police reports to prove deportability where an alien's *conduct* (as opposed to his conviction) is the essence of the charge.

## IV. DETERMINATION OF RESPONDENT'S DEPORTABILITY UNDER SECTION 241(a)(2)(C) OF THE ACT

The respondent argues on appeal that the Immigration Judge erred in finding him deportable under section 241(a)(2)(C) of the Act. We agree.

The statute under which the respondent was convicted is divisible; it encompasses offenses that constitute firearms violations and offenses that do not. It is not possible to determine from an examination of the respondent's record of conviction, or from any other documents admissible as evidence in proving a criminal conviction, whether the specific offense of which the respondent was convicted constitutes a firearms violation. Therefore, the Service has not established by clear, unequivocal, and convincing evidence that the respondent is deportable pursuant to section 241(a)(2)(C) of the Act. *Woodby v. INS, supra*.[4]

Accordingly, the respondent's appeal from the Immigration Judge's finding of deportability will be sustained and the deportation proceedings will be terminated.

**ORDER:** The appeal is sustained and the deportation proceedings are terminated.

---

[4] We do not consider here a case where an alien has conceded deportability under section 241(a)(2)(C) of the Act, or admitted to a factual allegation on an Order to Show Cause that he was convicted of a firearms violation.