Cordova-Garcia v. Garland

BIA
Ruehle, IJ
A202 074 464/465/466, 206 198 152

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-one.

PRESENT:
      JOSÉ A. CABRANES,
      WILLIAM J. NARDINI,
      STEVEN J. MENASHI,
         *Circuit Judges.*

_____

VEDA RAQUEL CORDOVA-GARCIA,
VIVIAN ARACELY MILIAN-CORDOVA,
KEILIN RAQUEL CORDOVA,
EDIN ORLANDO GONZALEZ-GARCIA,
    *Petitioners,*

      v.               **19-217**
                        **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
    *Respondent.*

_____

**FOR PETITIONERS:**  Jose Perez, Esq., Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:**  Joseph H. Hunt, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Veda Raquel Cordova-Garcia ("Cordova-Garcia"), Vivian Aracely Milian-Cordova, Keilin Raquel Cordova, and Edin Orlando Gonzalez-Garcia, natives and citizens of Guatemala, seek review of a December 21, 2018, decision of the BIA affirming an October 20, 2017, decision of an Immigration Judge ("IJ") denying Cordova-Garcia's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Veda Raquel Cordova-Garcia, et al.,* No. A 202 074 464/465/466, 206 198 152 (B.I.A. Dec. 21, 2018), *aff'g* No. A 202 074 464/465/466, 206 198 152 (Immig. Ct. Buffalo Oct. 20,

2

2017).  We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's decisions for the "sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  The applicable standards of review are well established.  *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to facts de novo).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To obtain asylum or withholding of removal, an applicant must establish past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  *Id.* § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b)(1), (2).

Cordova-Garcia has waived any challenge to the agency's dispositive finding that she failed to show a connection

between her alleged past harm (her abuse by her former partner and her daughter's rape) or her fear of future harm (gang violence) and any protected ground. "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

Were we to reach the grounds identified by the agency for the denial of relief we would find no error. First, the agency's determination that Cordova-Garcia failed to show a nexus to a protected ground is supported by substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence" of motive, "direct or circumstantial"). Cordova-Garcia asserted membership in a particular social group of "indigenous women in Guatemala whose spouses are not physically present in the country of Guatemala." But the record does not show a nexus between the harm she suffered at the hands of her former partner and this group, particularly as Cordova-Garcia was able to leave that former relationship and she did not allege that her partner abused her because she was indigenous. *Matter of A-B-*, 27 I. & N. Dec. 316, 338-39 (A.G. 2018) ("When private actors

4

inflict violence based on a personal relationship with a victim, then the victim's membership in a larger group may well not be 'one central reason' for the abuse."); *Matter of A-R-C-G-*, 26 I. & N. Dec. 388, 392–93 (B.I.A. 2014) (holding that applicant may be able to show domestic violence constituted persecution on a protected ground if, inter alia, she was unable to leave relationship), *overruled by Matter of A-B-*, 27 I. & N. Dec. 316. Moreover, any presumption of future persecution on this basis was rebutted by the fact that Cordova-Garcia left her former partner in 1999 or 2000 and was not harmed or threatened by him again. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(A) (asylum will be denied where "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution"), 1208.16(b)(1)(i)(A) (same as to withholding of removal).

Second, Cordova-Garcia did not establish eligibility for asylum and withholding of removal based on her daughter's rape. She did not corroborate that claim with a letter from her daughter who remained in Guatemala, 8 U.S.C. § 1158(b)(1)(B)(ii) (agency may require corroboration of testimony even if credible), and asylum is available only for

harm an individual has personally suffered or will suffer. *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) ("As a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic.").

Third, the agency reasonably found Cordova-Garcia's fear of general gang violence insufficient to support her claim for relief. *Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) ("general crime conditions" and "random violence" cannot support a claim to asylum). Accordingly, because Cordova Garcia failed to demonstrate a nexus between the harm she suffered or feared and a protected ground, the agency did not err in denying asylum or withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

Finally, Cordova-Garcia waived any challenge to the agency's denial of CAT relief because she does not argue it with particularity in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim abandoned where brief contained only "single conclusory sentence" to an argument).

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court