NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISRAEL MARTINEZ-CORONA, | No. 19-72569 |
| Petitioner, | Agency No. A216-474-777 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2021
Seattle, Washington

Before: PAEZ, M. SMITH, and NGUYEN, Circuit Judges

Petitioner Israel Martinez-Corona seeks review of a Board of Immigration

Appeals' (BIA) decision affirming an Immigration Judge's (IJ) denial of his

application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(2). We

dismiss the petition in part and deny it in part.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The parties' familiarity with the record is assumed. The BIA affirmed the IJ's decision on the basis that Martinez-Corona did not merit cancellation of removal as a matter of discretion. Consequently, we have jurisdiction to consider the petition for review only to the extent that it raises colorable constitutional or other legal questions. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Monroy v. Lynch*, 821 F.3d 1175, 1177 (9th Cir. 2016).

Rather than presenting a colorable legal question, Martinez-Corona's challenges to the agencies' adverse credibility finding are factual disputes that we lack jurisdiction to entertain. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1694 (2020); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012); *see also Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) ("adverse credibility determinations" are "factual findings"). Martinez-Corona's arguments that the BIA should have "directly addressed the IJ's adverse credibility determination" and that the BIA failed to cite any "standard [or] legal guidance" do not raise colorable legal questions because the BIA did both. It cited the correct standard for its review of an IJ's adverse credibility finding—clear error, *see* 8 C.F.R. § 1003.1(d)(3)(i)— and its explanation of how that standard applied to the record before it, while brief, was adequate. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

We do have jurisdiction to consider whether the BIA acted "contrary to law" by violating its own precedents. *Hernandez v. Ashcroft*, 345 F.3d 824, 829 (9th

2

Cir. 2003). Even so, we deny on the merits Martinez-Corona's claim that BIA precedent made it improper for the IJ to consider police reports relating to his arrest for domestic battery and false imprisonment, which has so far not resulted in a conviction.[1] In *Matter of Thomas*, 21 I. & N. Dec. 20 (BIA 1995), the BIA held that evidence of criminal conduct may be considered in some circumstances even without a later conviction, and that the weight given to such evidence depends on the facts and circumstances. *See id.* at 23-24; *see also Matter of Teixeira*, 21 I. & N. Dec. 316, 321 (BIA 1996). The BIA cited and applied the *Thomas* standard in determining that the IJ's use of the police reports here was appropriate despite the lack of a conviction.

*In re Arreguin de Rodriguez*, 21 I. & N. Dec. 38 (BIA 1995), does not warrant a different result. While the BIA stated in *Arreguin* that it was "hesitant to give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein," 21 I. & N. Dec. at 42, nothing indicates that this case-specific holding was intended to overrule or modify the more general *Thomas* standard or prevent IJs from considering arrest reports

---

[1] Martinez-Corona's brief implies that the criminal proceedings against him have not progressed because he was placed in removal proceedings after posting bond. In this vein, the government represented at oral argument that Martinez-Corona "has been removed" (or "self-deported") from the United States, that the charges against him "have not been dismissed," and that his prosecution is "sort of in abeyance" as a result.

altogether.  *See, e.g.*, *Arias-Minaya v. Holder*, 779 F.3d 49, 54 (1st Cir. 2015) (citing *Henry v. I.N.S.*, 74 F.3d 1, 6 (1st Cir. 1996)).

Martinez-Corona argues that even if the arrest reports were properly considered, *Arreguin* made it unlawful for the IJ to assign great weight to them. However, it is not our role to second-guess the agencies' weighing of the evidence. *See Monroy*, 821 F.3d at 1177-78.  While the BIA did not refer to *Arreguin*, it discussed the *Thomas* standard and provided a reasoned explanation for why the IJ's reliance on the police reports was not undue under these particular "facts and circumstances."  *Thomas*, 21 I. & N. Dec. at 24.  That is enough to conclude that it did not act contrary to law.  *See, e.g.*, *Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1215 (9th Cir. 2002); *Yepes-Prado v. I.N.S.*, 10 F.3d 1363, 1370 (9th Cir. 1993), *as amended* (Nov. 12, 1993).

For example, while the petitioner in *Arreguin* was never prosecuted, *see* 21 I. & N. Dec. at 42, Martinez-Corona has been.  The BIA emphasized in its decision that it could not "simply overlook the fact that the criminal authorities in Idaho have charged [him] with domestic battery and false imprisonment, and convinced a court that there is probable cause to believe he committed those offenses."  The BIA also noted that Martinez-Corona admitted that he "got into a fistfight with [the alleged victim's] male companion."  Additionally, one of the police reports described text messages that Martinez-Corona sent to the alleged victim

4

threatening to "beat the idiot who is with her," and stated that the officer who wrote the report saw these texts firsthand.

Consequently, we deny the petition for review to the extent it claims that the BIA acted contrary to its own precedent.  We dismiss the remainder of the petition for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**