# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60647
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2023

Lyle W. Cayce

Maria Del Carmen Contreras-Gomez; Marla Velasquez-Contreras,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 840 287, A209 840 288

---

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Maria del Carmen Contreras-Gomez and her minor daughter, Marla Naomi Velasquez-Contreras, natives and citizens of El Salvador, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from a denial by the immigration judge ("IJ") of Contreras-Gomez's application for asylum, withholding of removal, and relief under the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60647

Convention against Torture ("CAT").[1]  We review denials of asylum, withholding, and CAT claims for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under this standard, we may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (internal quotation marks and citation omitted).  We consider the decision of the IJ only insofar as it influences the BIA's decision. *Id.*

To establish eligibility for asylum, Contreras-Gomez must prove that she is unable or unwilling to return to El Salvador "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)).

Contreras-Gomez devotes most of her brief to arguments that she experienced persecution, that she has a well-founded fear of future persecution, and that she is a member of a particular "gender-based social group within the specific context of Salvadoran society."  As well, Contreras-Gomez contends that the vacatur of *Matter of A-B-*, 21 I & N Dec. 316 (U.S. Att'y Gen. 2018) (*A-B- I*), by *Matter of A-B-*, 28 I & N Dec. 307 (U.S. Att'y Gen. 2021) (*A-B- III*), requires remand to the IJ for consideration of her particular social group, although the BIA specifically did not rely on the IJ's reasoning under *A-B- I* in affirming the IJ's decision.  As to nexus, on which the BIA based its decision, Contreras-Gomez incorrectly asserts that she has established a particular social group and thus a nexus between the harm, past and feared, and a protected ground.  As well, she observes, without briefing

_____

[1] Because Contreras-Gomez's minor daughter is a rider on and derivative beneficiary of her mother's application for relief, we refer herein only to Contreras-Gomez.

any argument on the point, that, to show a nexus, she must only show that a protected ground is "at least one central reason." § 1158(b)(1)(B)(i); *Orellana-Monson*, 685 F.3d at 518.

Her conclusory assertions are insufficient to compel a result different than the BIA's determination that she failed to establish the requisite nexus between the harm and a protected ground. § 1158(b)(1)(B)(i); *see Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022); *Chen*, 470 F.3d at 1134. Contreras-Gomez's contentions regarding the elements of her asylum claim other than nexus likewise do not compel the conclusion that her membership in her newly asserted and vaguely defined "gender-based social group within the specific context of Salvadoran society" was a central reason for the harm she experienced. *See* § 1158(b)(1)(B)(i); *Vazquez-Guerra*, 7 F.4th at 270.

Because a nexus between the harm and a protected ground is an essential element of asylum and withholding claims, *see Vazquez-Guerra*, 7 F.4th at 269, we do not consider Contreras-Gomez's remaining arguments as to the other elements of an asylum claim. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Because Contreras-Gomez failed to establish eligibility for asylum, she necessarily also cannot meet the requirements for withholding of removal. *See Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021); *Orellana-Monson*, 685 F.3d at 518.

In addition, substantial evidence, including the exhibits upon which Contreras-Gomez relies, supports the agency's conclusion that Contreras-Gomez failed to show that the Government of El Salvador participated in or acquiesced to the gang's criminal activities, or would do so in the future were Contreras-Gomez returned to El Salvador. *See* 8 C.F.R. § 1208.18(a)(1); *Martinez-Lopez v. Barr*, 943 F.3d 766, 772–73 (5th Cir. 2019); *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019); *Qorane v. Barr*, 919

No. 22-60647

F.3d 904, 911 (5th Cir. 2019).  Contreras-Gomez has thus also failed to make the required showing for relief under the CAT.  *See* § 1208.18(a)(1); *Martinez Manzanares*, 925 F.3d at 228.

The petition for review is DENIED.