Chen v. Garland

BIA
Brennan, IJ
A077 957 317

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand twenty-one.

PRESENT:
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

JIAN YUN CHEN,
*Petitioner*,

v.                                                     20-861
                                                       NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Zhiyuan Qian, Law Office of David
                           Chien, P.C., New York, NY.

FOR RESPONDENT:            Brian M. Boynton, Acting
                           Assistant Attorney General;
                           Shelley R. Goad, Assistant
                           Director; Jennifer R. Khouri,
                           Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Jian Yun Chen, a native and citizen of the People's Republic of China, seeks review of a February 14, 2020 decision of the BIA affirming a June 14, 2019 decision of an Immigration Judge ("IJ") denying Chen's motion to reopen. *In re Jian Yun Chen*, No. A 077 957 317 (B.I.A. Feb. 14, 2020), *aff'g* No. A077 957 317 (Immig. Ct. N.Y. City June 14, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Chen does not challenge the agency's conclusion that her motion—filed 16 years after her removal order—was untimely, and she does not assert that any exception to the filing deadline applies. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (90-day deadline for motions to reopen). Her eligibility to adjust status through her husband is not an exception to the time limitation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Matter of*

2

*Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009)("[M]otions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen the Board and will ordinarily be denied.").

Absent an exception, the only basis for reopening would have been an exercise of the agency's authority to reopen sua sponte. *See* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1) (effective until Jan. 15, 2021). We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Although we may remand if the agency "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), there was no such misperception here. The agency did not address Chen's eligibility for relief; it simply concluded that she failed to appeal the IJ's original decision and did not present exceptional circumstances. *See In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects

3

or to otherwise circumvent the regulations, where enforcing them might result in hardship."). To the extent that Chen seeks directly to challenge the IJ's 2003 frivolousness finding, that decision is not before us because the petition for review is timely only to challenge the denial of reopening. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001).

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```

4